IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>         Plaintiff, <br><br><br><br> vs. <br><br><br><br> STEVEN P. LICHFIELD, <br><br>         Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR ORDER TO RELEASE PERSONAL PROPERTY <br><br><br><br><br><br> Case No. 1:09-CR-97 TS |

This matter is before the Court on Defendant's Motion for Order to Release Personal Property.  Through his Motion, Defendant seeks the return of certain unidentified property.

The Court construes Defendant's Motion as being brought pursuant to Fed.R.Crim.P. 41(g).  Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

1

Under Rule 41(g), a defendant must identify with specificity the claimed items of property he seeks.[1]  Further, "[i]n order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government."[2]  In this case, Defendant has not clearly identified the property he seeks returned, nor has he provided any information demonstrating a possessory interest in said property.  Therefore, the Court must deny the Motion without prejudice to its later refiling with the information necessary for the Court to resolve the issue presented.

It is therefore

ORDERED that Defendant's Motion for Order to Release Personal Property (Docket No. 49) is DENIED WITHOUT PREJUDICE.

DATED   August 14, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[1] *See United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996) ("General or conclusionary assertions will not suffice.").

[2] *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).